Weygandt, C. J.
The facts are not in dispute.
The appellant owns and operates a dental laboratory wherein he makes dentures, bridges and splints on orders from practising dentists who furnish him impressions and specifications therefor. He does not contact or deal with the patients. All his deliveries are made directly to the dentist who places the orders, and the consideration therefor is collected from the dentist alone.
Do these transactions between the dentists and the appellant operator of the laboratory constitute retail sales within the purview of Section 5546-1, General Code ? This in part reads as follows:
“ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever; and includes the production or fabrication of tangible personal property for a consideration for consumers who furnish either directly or indirectly the materials used in the production or fabrication work * * *,
*92 c 6 # # #
“ ‘Retail sale’ and ‘sales at retail’ include all sales excepting those in which the purpose of the consumer is (a) to resell the thing transferred in the form in which the same is, or is to be, received by him * *
Section 5546-2, General Code, reads in part:
“The tax hereby levied does not apply to the following sales:
i i # * *
“9. Professional, insurance or personal service transactions which involve sales as inconsequential elements, for which no separate charges are made.
“For the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.”
The Tax Commissioner’s Rule 102 contains the following supplementary provisions:
“Physicians and dentists are the consumers of the various items of tangible personal property which they use in the rendition of their professional services and the tax will apply upon their purchase of all items of tangible personal property, including equipment.
“The tax does not apply to the fee for professional services rendered by physicians and dentists. If physicians and dentists apart from their professional services are engaged in selling, to the public such articles as medical supplies, mouth washes, dentifrices and the like, they are vendors and must procure a vendor’s license and collect the tax on all such sales.”
The appellant contends that he comes within the exception provided in Section 5546-1, General Code, supra, on the ground that when he sells his product to a dentist, the purpose of the latter is “to resell the thing transferred in the form in which the same is *93 * * * received by him.” However, the record fails to disclose that the dentist resells the appellant’s product to the patient in the form in which it is received from the appellant. Bather, the denture is not a finished product which is resold across a counter in the form in which it is received. Instead, the dentist fits the denture to the patient’s mouth and makes alterations from time to time to meet the varying needs of the particular patient.
The appellant urges also that the dentures can not be regarded as “inconsequential elements, for which no separate charges are made,” within the exception provided by Section 5546-2, General Code, supra. Again the record fails to warrant this conclusion. On the contrary, it is clear that the dentist makes no separate charge for the dentures, and the supplying thereof is considered as incidental to the rendition of the professional services. This is consistent with Buie 102, supra, which is not in conflict with the statute.
Hence, the Board of Tax Appeals and the Tax Commissioner were not in error in holding that the transactions between the dentists and the appellant operator of the laboratory constitute retail sales as contemplated by the provisions of Section 5546-1, General Code, and are taxable.
A further contention is that the appellant is barred from obtaining an exemption for the transactions here involved, inasmuch as he failed to comply with the requirement of Section 5546-3, General Code, that a certificate of exemption must be obtained from the consumer. However, it becomes unnecessary to consider this additional reason for an affirmance, since the transactions are held inherently taxable.
The appellant complains that on several occasions examiners from the Department of Taxation called at his office but that no assessment resulted therefrom at that time. He asserts that he thus was lulled into the *94 belief that the transactions were not taxable. But he does not say that the examiners ever told him the transactions were not taxable or that he ever asked the examiners about the matter.

Decision affirmed.

> Matthias, Hart and Zimmerman, JJ., concur.